G. MARK ALBRIGHT, ESQ.
Nevada Bar No. 001394
WHITNEY B. WARNICK, ESQ.
Nevada Bar No. 001573
SPENCER M. JUDD, ESQ.
Nevada Bar No. 010095
801 South Rancho Drive, Bldg. D
Las Vegas, NV 89106
(702) 384-7111 - Telephone
(702) 384-0605 - Facsimile
gma@albrightstoddard.com
*Attorneys for Creditors, Robert Hey,
Cheryl Labosco, Michael Panaggio,
and Al Schmidt*

**E-filed on February 20, 2009**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

IN RE:                                   )   BAP No. NV-09-1049
                                         )   Appeal Reference No. 09-02
                                         )
SILVER BEACH LLC,                        )   CASE NO. 08-13995-MKN
                                         )   CHAPTER 11
            Debtor.                      )
                                         )
_____  )

### APPELLANTS' DESIGNATION OF RECORD ON APPEAL WITH STATEMENT OF ISSUES

Robert Hey, Cheryl Labosco, Michael Panaggio, and Al Schmidt, Appellants herein, hereby designate the following record for Appeal pursuant to FRBP 8006:

1. Order Granting Debtor/Debtor-in-Possession filed January 26, 2009, docket number 63;

2. Voluntary Petition, filed April 24, 2008, docket number 1;

3. Amended Summary of Schedules, filed May 12, 2008, docket number 13;

4. Amended Summary of Schedules, filed August 26, 2008, docket number 26;

5. Debtor's Motion for An Order Approving Auction Sale of Property Free and Clear of Liens, Claims, and Interests, filed November 25, 2008, docket number 38 - 38-10;

6. Transcript of Proceedings of Motion, filed January 21, 2009, docket number 55;

7. Declaration of David J. Jensen in Support of Motion for Order Approving Auction Sale

of Assets Free and Clear of Liens, Claims, and Interests and Assignment of Contracts, Licenses and Leases, filed November 25, 2008, docket number 39;

8. Opposition to Motion for an Order Approving Auction Sale of Property Free and Clear of Liens, Claims and Interest, filed December 9, 2008, docket number 44;

9. Reply to Opposition for an Order Approving Auction Sale of Property Free and Clear of Liens, Claims and Interest, filed December 24, 2008, docket number 51.

Appellants, Robert Hey, Cheryl Labosco Ahmed, Michael Panaggio, Al Schmidt and Silver Beach Association, Inc., submit this Statement of Issues on Appeal of the Order authorizing sale entered in the above-referenced Chapter 11 proceedings on January 30, 2009.

## INTRODUCTION

Order authorized the sale of not only the Debtor's property but also the property of more than 100 owners of time share units that had been conveyed to their individual owners by warranty deed long before Debtor acquired its property. The interests of these separate time share unit owners were specifically excluded from the deed to Debtor, Silver Beach, LLC, and were not encumbered by the mortgage given by Debtor to creditor, Northstar. They are separate properties not subject to sale pursuant to 11 U.S.C. Section 363 (b) and (f).

1. The trial court erred by determining that the elimination of more than a hundred separate time share units was the proper subject of a Motion pursuant to 11 U.S.C. Section 363(b).

    a. The determination of the nature and extent of an alleged creditor's "claim" must be determined by adversary proceedings, not as an ancillary issue in a motion hearing. Rule 7001 Bankruptcy Rules.

    b. The time share units owned by third parties are separate, legally recognized parcels of real property under Florida law and form no part of the debtor's estate. Property in which the debtor does not hold an interest cannot be sold pursuant to Section 363.

    c. Time share units are not subject to actions for partition and are not subject to involuntary sale pursuant to the Partition Laws of the State of Florida, Section

64.031, Florida Statutes; Section 64.061, Florida Statutes; Section 64.071, Florida Statutes; Section 721.22, Florida Statutes.

2. The court erred by finding the Notice of the Sale Motion was properly served on all interested parties. Notice of the sale was not adequate because numerous time share unit owners are listed by name but without any address. Debtor has made no special showing that it provided notice to "creditors" whose addresses were unknown. Further, the due process considerations of Rule 7001 required that the determination of the extent of the time share unit owners' rights be determined by adversary proceedings in which each owner should have been served with a summons and complaint, and the discovery procedures of an adversary proceedings would have been available.

3. The trial court erred by finding that the Debtor is authorized to terminate the Condominium, Time Share Plan and Master Declarations.

    a. Only four (4) condominium units were submitted to time share ownership. Debtor does not own a sufficient number of time share units to terminate the time share plan. Chapter 721, Florida Statutes, did not provide a method of termination, and the Debtor has not complied with, and cannot comply with, the requirements of the Time Share Plan to terminate time share ownership of any unit.

    b. Only twelve (12) condominium units were established in Silver Beach Village, a condominium. Debtor does not have control of a sufficient number of condominium units to terminate the condominium. Section 718.117, Florida Statutes, required unanimous consent.

    c. The master declarations and facilities agreements do not permit their unilateral termination, so Debtor did not have the power to terminate these documents by merely voting its interest for termination.

4. The court then erred because the Sale Motion should not have been granted under either 11 U.S.C. Section 363(f) or 11 U.S.C. Section 363(f)5. The trial court takes as its authority Sections 64.031 and 64.061, Florida Statutes.

    a. Section 64.031, Florida Statutes, states that "The action [in partition] may be

filed by any one or more of several joint tenants, tenants in common or coparceners, against their co-tenants, coparceners or others interested in the lands to be divided. Owners of time share units are not joint tenants, tenants in common or coparceners and are not subject to partition because time share units are a legally recognized separate and independent units of real property ownership, if so designated in the Declaration of Time Share, as was done in the case of Silver Beach Village.

b. The trial court cites Section 64.061, Florida Statutes, that refers to the appointment of commissioner to determine the boundaries of the partition but includes a provision for sale if it is *uncontested* that the property sought to be partitioned is indivisible. In the present case the sale was contested. If the Debtor seeks to partition the condominium unit, then it has already been divided into time share units. No partition sale would therefore be appropriate.

c. Appellant believes that the trial court may have sought to refer to Section 64.071, Florida Statutes, that authorizes the sale of property where partition is determined to be impractical. Section 64.071, Florida Statutes, does contain the specific requirement that sale is only permitted "If the commissioners report that the lands of which partition is directed are so situated that partition cannot be made without prejudice to the owners and the court is satisfied that such report is correct..." Again as to individual condominium units in Silver Beach Village, four (4) have already been divided into time share units, so subdivision has not only been determined to have been practical but it has long been carried out. Section 721.22, Florida Statutes, further states that, "No action for partition of any time share unit shall lie, unless otherwise provided for in the contract between the seller and the purchaser." Therefore no action for partition of a time share unit is permitted by Florida law.

5. The trial court incorrectly finds that the liens, claims, or interests in the property assert by other parties, including the objecting parties, are in bona fide dispute. The ownership rights

and obligations of the parties, however, are clearly established by law. The ownership of the time share units is authorized by Florida law and is recognized as a separate parcel of property. In the present case 168 separate parcels were conveyed by warranty deed to their individual owners. The Debtor has no claim to any of those time share units, unless it has repurchased some of them as Debtor alleged, but as to the remaining time share units, it has no claim. No basis exists for the trial court to have found any genuine dispute exists as to the ownership of these time share units.

6. The determination of the identity of each separate owner, the fair market value of that owner's time share unit and the value or amount of that owner's claim was properly before the trial court only in an adversary proceeding pursuant to Bankruptcy Rule 7001, and not merely a motion pursuant to Bankruptcy Rule 9013. Rule 7001 declares the following relevant actions to be adversary proceedings:

..."(2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4000(d) [relating to exempt property], and

"(3) a proceeding to obtain approval under §363(h) for the sale of both the interest of the estate and of a co-owner of property...."

The Debtor did not comply with the requirements for instituting an adversary proceeding, and therefore the court had no jurisdiction over interested parties, nor authority to enter the order authorizing sale.

7. The Court incorrectly ruled that the case was not filed in bad faith. Debtor was organized to hold title to the real property subject to the dispute herein. In bad faith, and in Order avoid the limitations restricting a "single asset real estate" proceeding, Debtor purchased two condominium units in Nevada which it rents out. Eleventh Circuit cases outline "circumstantial factors" to be considered which may evidence bad faith filing. Here, Debtors meet at least four factors which a court can use to hold that a filing under 11 USC was in bad faith. Although timely filing of an action for dismissal due to a bad faith filing was not made by Appellants and that issue is not being appealed, Debtor should not be rewarded by being allowed to auction real property (to which it has only partial title) without adequate due process to other fee simple owners, to portions of the real property Debtor wishes to sell at auction free and clear of the interests of those fee simple owners.

8. Further evidence of "bad faith" filing, not addressed by the Court, was the questionable loan given to Debtor and secured by the real property by an affiliated company of the Debtor. Debtors made no attempt to explain this loan, or the reason for it. Instead, Debtor claims that it is owned now by an employee of the company which once owned it, given to the new owner in return for his "management" of the real property.

9. Partition actions in Florida pursuant to Chapter 64, Florida Statutes, must be brought in the county in which the real property is located. Therefore, no bankruptcy court outside of the Middle District of Florida was authorized to sell the property in reliance on Chapter 64, Florida Statutes.

10. The trial judge has also authorized creditors (specifically the mortgage holder, Northstar) to bid in their claims. Such a procedure, however, is not permitted under Florida partition laws. Bidding in is permitted for mortgage foreclosure sales, but because the deed to Debtor, Silver Beach, LLC, specifically excepts and excludes the time share unit interests owned by third parties, Northstar will never eliminate these separate time share unit interests through foreclosure. Therefore, the trial court exceeded its discretion by authorizing creditors to receive credit for their cash claims against the Debtor.

## CONCLUSION

11 U.S.C. Section 363 is intended to facilitate the sale of property in the debtor's estate to third parties free of the clutter of liens, joint interests and other encumbrances. Even the elimination of joint interests or liens must comply with Constitution standards for the deprivation of a person's property without due process. Section 363, however, does not reach out to property interests that are not owned at least in part by the debtor. In the present case separate units of real property, that have each been conveyed by warranty deed and have been specifically excluded by the deed to the debtor, have been drawn into this bankruptcy case and by motion have been ordered subject to involuntary sale. The motion and the order authorizing sale have failed to comply with the requirements of the Bankruptcy Code and Rules. Therefore, the Order Granting Debtor/Debtor-in-Possession, Silver Beach, LLC's, Motion for an Order Approving Auction Sale of Property Free and Clear of Liens,

1  Claims and Interests, entered January 30, 2009, should be reversed.

2  DATED this 20th day of February, 2009.

ALBRIGHT, STODDARD, WARNICK & ALBRIGHT

By: _____
G. MARK ALBRIGHT, ESQ.
Nevada Bar No. 001394
WHITNEY B. WARNICK, ESQ.
Nevada Bar No. 001573
SPENCER M. JUDD, ESQ.
Nevada Bar No. 010095
801 South Rancho Drive, Bldg. D
Las Vegas, NV 89106
(702) 384-7111 - Telephone
*Attorneys for Creditors, Robert Hey, Cheryl Labosco, Michael Panaggio, and Al Schmidt*

## CERTIFICATE OF MAILING

I hereby certify that I am an employee of ALBRIGHT, STODDARD, WARNICK & ALBRIGHT and on the 20 day of February, 2009, I placed a true and correct copy of the foregoing **APPELLANTS' DESIGNATION OF RECORD ON APPEAL WITH STATEMENT OF ISSUES** in the United States mails at Las Vegas, Nevada, with first class postage prepaid, via first class mail, and addressed as follows:

Jeffrey R. Sylvester, Esq.
James B. MacRobbie, Esq.
Sylvester & Polednak, Ltd.
7371 Prairie Falcon, Suite 120
Las Vegas, Nevada 89128
*Attorneys for Debtor, Silver Beach, LLC*

U. S. Trustee - LV - 11
300 Las Vegas Boulevard South
Suite 4300
Las Vegas, Nevada 89101
*Trustee*

David W. Huston, Esq.
601 South Seventh Street, 2nd Floor
Las Vegas, Nevada 89101
*Attorneys for Creditor, Atlantic Northstar, LLC*

Deborah Deitsch-Perez
3102 Oak Lawn Avenue
Dallas, Texas 75219
*Attorneys for Creditor, Atlantic Northstar, LLC*

_____
An Employee of Albright, Stoddard,
Warnick & Albright